■ LUCILLE McCOMBS, as Administratrix of the Estate of ROY LATIMER, Deceased, Plaintiff and Third-Party Defendant-Appellant, v WILLOUGHBY NURSING HOME, Defendant and Third-Party Plaintiff-Respondent. LUCILLE McCOMBS, Third-Party Defendant-Respondent. [630 NYS2d 378] —In a negligence action to recover damages for wrongful death, the appeal, as limited by the appellant's brief, is from stated portions of an order of the Supreme Court, Kings County (Ramirez, J.), dated January 4, 1994, which, *inter alia,* denied the motion of the plaintiff Lucille McCombs in her representative capacity to substitute Barbara Hill in her place as administratrix of the estate of Roy Latimer, denied her cross motion to vacate her default in the third-party action against her personally, and granted the cross motion of the defendant third-party plaintiff for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The record shows that the court properly entered a default judgment against Lucille McCombs in the third-party action. Consequently, any damages recovered by her as administratrix and sole distributee of the estate of Roy Latimer due to any negligence on the part of Willoughby Nursing Home (hereinafter the nursing home) in causing the death of Roy Latimer would be recovered by the nursing home from her in her individual capacity. Thus, there is no purpose in continuing this action, and the court properly granted the nursing home's motion for summary judgment. Additionally, under the circumstances, it would serve no purpose to grant the renewed, but untimely, motion for the substitution of Barbara Hill for Lucille McCombs as administratrix of the estate. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.